## No. 15,895.

IN RE INTERROGATORIES BY THE GOVERNOR AS TO
SENATE BILL NO. 26.
(180 P. [2d] 1018)

Decided May 12, 1947.

*En Banc.*

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, amici curiae.

Mr. ARTHUR LAWS, Mr. LYMAN P. WELD, Mr. HILTON J. BLAKE, *of counsel.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

This is an original proceeding under section 3, article VI of our Constitution which provides, inter alia, that this court "shall give its opinion upon important ques-

tions upon solemn occasions when required by the governor."

The thirty-sixth session of the General Assembly, recently adjourned, passed Senate Bill No. 26. Its title is, "An Act Relating to the Compensation to be paid to Members of the General Assembly." It changes the previously existing law by adding thereto:

"Each member shall receive the sum of ten dollars ($10.00) per day as expenses for each day he is in attendance at the General Assembly and for each day he is excused because of illness and not otherwise, * * *.

"The payment of expenses, as hereinabove provided, shall be made to members in attendance at the regular session of the Thirty-sixth General Assembly and each subsequent special and regular session until otherwise provided by law; provided, however, that such shall only become due and payable as of the last day of each such session."

That bill is now before the Governor for his signature and he has asked the court if it violates any of the following sections of the Constitution: Sections 6, 9, 21, 26, 28 and 30 of article V, and section 11 of Article II. Also, in case it violates the Constitution by providing payment to the members of the Thirty-sixth General Assembly, will it be operative as to members of the thirty-seventh?

We concluded that these interrogatories fall within the said provision of section 3, article VI, and hence assumed jurisdiction.

The cause was set for oral argument at 3:00 p.m. May 5, 1947, and notice thereof given to all persons interested, so far as they could be ascertained by the court, including all members of said Thirty-sixth General Assembly, who are members of the bar, and the Attorney General was requested to appear amicus curiae. The cause was argued as set, and in addition to the Attorney General, his deputy, Mr. Duke W. Dunbar, and the following members of said Assembly, i.e., Hon. Arthur Laws of the Senate and Hon. Lyman P. Weld, and Hon.

Milton J. Blake of the House of Representatives, each addressed the court.

Said section 21 of article V of the Constitution provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; * * *." Since the title of Senate Bill 26 refers only to "Compensation" and the body of the bill refers only to "Expenses" the first question confronting us is the apparent violation of said section 21. If these expenses are not compensation the subject of the bill is not expressed in the title and the bill for that reason is unconstitutional. Because the same allowance is made for all members and no provision made for itemizing and auditing, the ten dollars per day would appear to be compensation. That question, however, is settled in this jurisdiction. The Twenty-first General Assembly, in its short appropriation bill, made an appropriation for "Lieutenant Governor's incidental and office expenses, for official or semi-official purposes to be determined by him $166.66," and in its long appropriation bill provided for the biennial period $1,000 for the same purpose, "less amounts already paid from the short appropriation." We held that if any part of this sum was intended to cover mileage or traveling expenses it would "clearly come within the term compensation;" also "there are no official or semi-official purposes for which he may lawfully use any part of this appropriation. It is additional compensation and is in violation of the Constitution and statutes. * * * No matter about the terms employed in the bill, that is immaterial, * * *. The effect of it is to increase the allowance, salary or compensation of the lieutenant governor in violation of law, and the appropriation is void." *Leckenby v. Post Printing & Publishing Co.,* 65 Colo. 443, 176 Pac. 490. On this question we think it unnecessary to go further. Senate Bill No. 26 deals only with compensation. That subject is clearly expressed in the title, hence there is no violation of section 21, article V.

██ Senate Bill No. 26, being a bill to increase the compensation of members of the General Assembly, including members of the Thirty-sixth, clearly violates section 6, article V of the Constitution which provides, inter alia, "No General assembly shall fix its own compensation." It also violates section 9 of article V, which provides, "No member of either house shall, during the term for which he may have been elected, receive any increase or salary or mileage, under any law passed during such term." It follows that Senate Bill No. 26 is unconstitutional so far as it provides "ten dollars per day as expenses" to members of the Thirty-sixth General Assembly, and to those holdover senators, members thereof, who, by virtue of their former election, will also be members of the Thirty-seventh General Assembly.

This brings us to the last of the Governor's Interrogatories, i.e., having held the bill unconstitutional because "it provides for the payment to members of the Thirty-sixth General Assembly, will such bill be operative as to members of the Thirty-seventh General Assembly?"

Here we are confronted with the fact that this is not a general and unqualified increase of compensation. It is fixed as a per diem and can not be paid for any day a member is not in attendance, unless he is excused by the Assembly "because of illness." Thus the Assembly becomes the sole judge of when the member is in attendance and when not, when he should be excused because of illness and when not. To that extent future general assemblies would fix the compensation of their own members, in direct violation of said section 6 of article V, being the sole judge of when those members could and when they could not draw this extra per diem.

The foregoing obviates all necessity of considering the applicability of other sections of the Constitution mentioned in the interrogatories, since it leads us to the inevitable conclusion that Senate Bill No. 26 is unconstitutional in toto, and we so hold.